UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DAVID E. AKPAN, | § | |
| PLAINTIFF | § | |
| | § | |
| VS | § | CIVIL ACTION NO. 3:20-cv-349 |
| | § | |
| FRONTEO USA, INC., | § | |
| DEFENDANT | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

### I. NATURE OF SUIT

This suit is brought by **DAVID E. AKPAN** against Defendant **FRONTEO USA, INC.**, to correct unlawful employment practices by the Defendant against the Plaintiff and to make Plaintiff whole.

### II. PARTIES

1. Plaintiff **DAVID E. AKPAN** is an individual residing in Richmond, Texas. Plaintiff **AKPAN,** an attorney, was, at all times material, employed as a Document Review Manager. Defendant FRONTEO USA, INC. is a legal entity which, on information or belief, may be sued by serving summons, with a copy of this Original Complaint, on Naritomo Ikeue, its Chief Executive Officer at: 777 Third Avenue, 17th Floor, New York, NY 10017.

2. Defendant **FRONTEO USA, INC.** is a publicly traded global technology company specializing in Big Data, Artificial Intelligence, Information Governance, Managed Review and

Consulting for the eDiscovery Market.

3. The discriminatory acts complained of occurred at Defendant **PRONTEO USA, INC.**, Houston, Texas location, where the Plaintiff was employed.

## III.
## JURISDICTION

4. Jurisdictions is invoked pursuant to 28 USC § 1331.

5. Jurisdiction of this Court is further invoked pursuant to 42 U.S.C. § 2000e *et seq* also known as Title VII of the Civil Rights Act of 1964, as amended.

6. Jurisdiction of this Court is also invoked pursuant to 42 U.S.C. § 1981.

7. The court has jurisdiction pursuant to the Equal Pay Act.

8 Plaintiff further invokes the supplemental jurisdiction of this Court for claims arising out of Texas law, pursuant to 28 USC Section 1367(a).

## IV.
## VENUE

9 The employment practices hereafter alleged to be unlawful were committed in the Southern District of Texas. Pursuant to 28 USC § 1391(b) and all other applicable laws, venue is proper in the Southern District of Texas, Galveston Division, as the incidents made the basis of this lawsuit occurred in the Southern District of Texas. *28 USC § 1391(c)*.

## V.
## CONDITIONS PRECEDENT

10. Any and all of the required conditions precedent have been performed or have occurred.

11. Plaintiff **DAVID E. AKPAN** has exhausted his administrative remedies and has been issued a "Right to Sue". **Exhibit A.**

## VI.
## AGENCY

12. Whenever it is alleged in this petition that Defendants did or failed to do any act or thing, it is meant that such commission or omission was performed or omitted by an agent, servant, or employee of said Defendant or at the acquiescence of said Defendant, and that in each instance the said agent, servant, or employee was then acting for and on behalf of said Defendant or at the acquiescence of said Defendant and within the scope of his/her employment or within the authority delegated to him/her by said Defendant.

## VII.
## STATEMENT OF CLAIMS

13. Plaintiff **DAVID E. AKPAN** was employed as a Document Review Manager at **FRONTEO USA, INC.** at all times material, and was an employee when the events made the basis of this suit occurred.

14. This is a racial discrimination, national origin discrimination, racial harassment, hostile work environment, and disparate treatment in employment case. The Plaintiff herein alleges that he was subjected to racial discrimination, national origin discrimination, racial harassment, hostile work environment, disparate impact practices, disparate treatment, discriminatory pay practices and retaliation. The Plaintiff herein complains of discrimination and harassment, inter alia, of the most severe and vulgar kind, while employed at **FRONTEO USA, INC.**

15. Defendant **FRONTEO USA, INC.** is an employer within the meaning of Title VII. {42 USC§ 2000e(B)}

16. Defendant intentionally discriminated against Plaintiff because of his race and national origin

in violation of Title VII. {See 42 USC§ 2000e-2}, 42 USC Section 1981, and the Civil Rights Act of 1991.

17. Defendant created a hostile work environment and subjected the Plaintiff to racial and national origin harassment and racial slurs in the work place. Defendant encouraged an atmosphere of severe racial harassment perpetrated against the Plaintiff by senior staff.

18. Defendant also subjected the Plaintiff to disparate treatment with other workers similarly situated based on race and national origin. The Plaintiff received lower compensation than other workers of the Caucasian race; even though he is better qualified or equally qualified as these Caucasian employees.

19. Accordingly, Defendant subjected the Plaintiff to disparate treatment in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq.*, 42 USC Section 1981, and The Civil Rights Act of 1991.

20. Plaintiff was subjected to a hostile work environment by the Defendants in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq.*, 42 USC Section 1981, and The Civil Rights Act of 1991.

21. Defendant used racial slurs and discriminated against the Plaintiff on account of race in violation of 42 U.S.C. § 1981. Plaintiff was called derogatory and discriminatory names, and all efforts to ameliorate the situation by using available procedures for mitigation of the discrimination failed, or were ignored.

22. Defendant's discriminatory practices have inflicted injuries on the Plaintiff and caused severe physical pain, physical disfigurement and severe emotional distress.

22. Plaintiff makes his claims and basis of his cause of action under Title VII of the Civil Rights

Act of 1964, *as amended*; 42 U.S.C. § 1981, and The Civil Rights Act of 1991.

## VIII.
## CAUSES OF ACTION

23. Plaintiff **DAVID E. AKPAN** hereby adopts and incorporates by reference all previous paragraphs set forth above.

### CLAIMS UNDER 42 USC § 1981

**A.   RACE DISCRIMINATION**

42 USC Section 1981 requires that the:

i)   Plaintiff be a member of a protected class;

ii)  Defendant had the intent to discriminate on the basis of race;

iii) The discrimination concerned the making and enforcement of [an employment] contract.

An employee/employer relationship satisfies the contractual requirements of § 1981 claims.[1]

24. The Plaintiff was employed as a Document Review Manager under Lisa Bauer, Director. The Plaintiff was interviewed for the Director's position to replace Ms. Bouer. Upon Ms. Bauer's departure, the Plaintiff performed Ms. Bauer's duties, but was neither promoted to the Director's position nor was he compensated for the services of a Director. The Plaintiff asserts that Defendant's conduct was based on his race and national origin and violates 42 USC § 1981.

---

[1] Individuals can be held liable for § 1981 violations in the employment context if same are reasonably related to the actions of the individual. *Bellows vs Amoco Oil Co.* 118 F. 3d 268 (5th Cir. 1997).

B) **HOSTILE WORK ENVIRONMENT**

25. Plaintiff shows a claim for hostile work environment, if:

   i) Plaintiff belongs to a protected class;

   ii) Plaintiff was subjected to unwelcome harassment by a supervisor or manager and/or co-worker;

   iii) The harassment complained of was based on race and national origin; and

   iv) The harassment complained of affected a "term, condition or privilege of his/her employment.[2] The Plaintiff was subjected to harassment that affected his job performance, and promotion.

26. The work environment is/was hostile in one or more of the following ways inter alia:

   i) Tracy Alch, a Senior Document Review Consultant told the Plaintiff in June 2019 that he was going to be fired before Thanksgiving 2019. True to his statement, the Plaintiff was laid off on August 1, 2019;

   ii) The Plaintiff was replaced by Dimitrions Gakides, a Caucasian. Mr. Gakides subjected the Plaintiff to hostile work environment;

   iii) The Plaintiff was subjected to racially sensitive comments;

   iv) An individual pulled a gun on the Plaintiff while murmuring racial slurs.

27. Defendant **FRONTEO USA, INC.** failed to exercise reasonable care to prevent and promptly correct any harassment by Defendant's employees. Plaintiff filed several complaints with **Human Resources, FRONTEO USA, INC.** Plaintiff **DAVID E. AKPAN** took advantage of Defendant's purported corrective actions/opportunities to no avail.

---

[2] *Celestine v. Petroleos de Venezuella SA*, 266 F. 3d 343 (5th Cir. 2001).

28. Based on the facts stated in paragraph 25, 26, and 27 above, Plaintiff **DAVID E. AKPAN** asserts a § 1981 hostile work environment claim against Defendant **FRONTEO USA, INC.**

C. **RETALIATION**

29. Retaliation is shown when:

    i) the employee has engaged in activity protected by § 1981;

    ii) the employer took adverse employment action against that employee,

    iii) causal connection exists between that protected activity and adverse employment action.[3]

30. Plaintiff has been retaliated against for reporting unlawful conduct to Defendant's Human Resources. Plaintiff **DAVID E. AKPAN** was retaliated against, inter alia, for going to the Human Resources Department to inquire about raising his salary to that of Document Review Director that was commensurate with his qualifications and his job functions, and for reporting racial harassment. The Plaintiff also complained of lack of promotion to the Document Review Director position whose job functions he was performing.

31. Plaintiff asserts a retaliation claim under § 1981 against Defendant.

D. **DISPARATE TREATMENT**

32. A Plaintiff can show disparate treatment in violation of 42 USC § 1981, if race and national origin were the sole and/or motivating factors in the unfavorable treatment the Plaintiff received, in violation of § 1981. Plaintiff hereby adopts and incorporates by reference his causes of action as set forth herein, and asserts a disparate treatment claim under 42 USC § 1981. In particular, Defendant **FRONTEO USA, INC.** subjected Plaintiff to disparate

---

[3] Civil Right Act of 1964, § 704(a), 42 USC § 2000e.

treatment, inter alia, by:

i) not refunding expenses paid by the Plaintiff for computer accessories office supplies, and transportation when other similarly situated Caucasian managers receive refunds;

ii) awarding him lower salary or allowing him to work for lower pay while performing the job functions of a Director;

iii) refusing to promote him to Director when Lisa Bauer, a Caucasian was so promoted, and the Plaintiff performed her job functions;

## TITLE VII DISCRIMINATION (42 USC § 2000e)

### E. RACE DISCRIMINATION

33. Plaintiff hereby adopt and incorporate by reference Sections VI and VII as fully set forth herein.

34. The Defendant employer, employees and/or representatives, violated the Plaintiff's rights guaranteed in 42 USC Section 2000e which states in its relevant parts:

"It shall be an unlawful employment practice for an employer

(1) to fail or refuse to hire or to discharge or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment because of such individual's race, color, religion, sex, or national origin, or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex or national origin."

*42 USC § Section 2000e-2.*

35. Defendant **FRONTEO USA, INC.**, through its agents, employees, and/or representatives violated the Plaintiff's rights as provided in 42 USC § Section 2000e, et seq, as to Plaintiff's race, African-American, and nationality, Nigeria, and such conduct has affected the Plaintiff's status as an employee.

36. Plaintiff **DAVID E. AKPAN** has been subjected to racial and national origin discrimination on account of his race and national origin, Nigeria.

37. In this regard, the Plaintiff asserts that the Defendant's claim of a reduction in force was a pretext for discrimination. While claiming a reduction in force for discharging the Plaintiff on August 1, 2019, the Defendant continued to seek attorneys for its Houston office at least twice through advertisement in 2019.

## F. HARASSMENT

38. Harassment affects a "term, condition or privilege of employment" if it is sufficiently severe or pervasive so as to alter the condition of employment and create an abusive working environment.[4] When the workplace is permeated with discriminatory intimidation, ridicule, and insult, it is sufficiently severe or pervasive to alter the victim's employment and create an abusive working environment.[5] Whether a working environment is hostile or abusive can only be determined by looking at the totality of the circumstances. These circumstances may include, but are not limited to, the frequency of the discriminatory conduct, their severity, whether they are physically threatening or humiliating or mere offensive utterances, and whether they unreasonably interferes with an employee's work performance. While any

---

[4] _Watts v. Kroger Co._, 170 F. 3d 505, 509-510 (5th Cir. 1999).

[5] _Wallace v. Texas Tech University_, 80 F. 3d 1042, 1049 N.9 (5th Cir. 1999), quoting _Meritor Savings Bank, FSB V. Vinson_, 477 US 57, 65067, 106 S. Ct. 2399, 91 L.Ed. 49 (1986).

relevant factor may be taken into account, no single factor is required.[6] Plaintiff adopts and incorporates by reference paragraphs 26 - 27 above as set forth herein. Plaintiff asserts harassment in one or more of the aforementioned ways, cumulatively or individually.

### G. DISPARATE TREATMENT AND HOSTILE WORK ENVIRONMENT

39. Defendant subjected Plaintiff **DAVID E. AKPAN** to disparate treatment and hostile work environment in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq*.

40. Plaintiff **DAVID E. AKPAN** was subjected to a hostile work environment by the Defendant in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq*.

41 Plaintiff makes his claims and basis of this cause of action under 42 USC § 2000e et seq, *as amended*; 29 U.S.C.§ 206(d), and The Civil Rights Act of 1991.

42. Plaintiff adopts and incorporates herewith the paragraphs above. In addition, the Plaintiff was the recipient of screams, offensive physical contact, and derogatory remarks.

## IX.
## PLAINTIFF'S STATE CLAIMS

### A. BREACH OF CONTRACT

43. Under Texas Law, an employee is a person in the service of another with the understanding, express or implied, that such other person has the right to direct the details of the work and not merely the result to be accomplished. The Plaintiff asserts that the employer-employee contract was breached. In particular, the Plaintiff asserts that Defendant **FRONTEO USA, INC.** is liable for breach of contract in that:

---

[6] *Harris V. Forklift Systems, Inc.*, 510 US 17, 23, 114 S. Ct. 367 (1993).

1. There was a valid, enforceable express employment contract at all times material to this action between the Plaintiff and Defendant **FRONTEO USA, INC.**;

2. The Plaintiff and Defendant were in privity of a contract;

3. The Plaintiff performed his contractual obligations;

4. The Defendant failed to perform on the agreement;

5. The Defendant's breach caused the Plaintiff's pecuniary damages.

## B. INTENTIONAL INFLICTION OF MENTAL DISTRESS

44. In addition to and without waiving any of the above allegations, the conduct of Defendant, its agents, employees and/or representatives, constitutes intentional infliction of emotional distress upon the Plaintiff, as that term is recognized under Texas common law.

45. Intentional infliction of emotional distress occurs when the Defendant, or its agents, act intentionally or recklessly with extreme and outrageous conduct to cause the Plaintiff emotional distress and the emotional distress suffered by the Plaintiff is severe.

46. "Extreme and outrageous conduct" occurs only when the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

47. Specifically, the Defendant, its agents, employees and/or representatives, engaged in conduct of which the Plaintiff complains of which were intentional and/or perpetrated with reckless disregard for the consequences, much less the harm, it caused the Plaintiff, including post-traumatic stress disorder (PTSD), and anxiety attacks.

48. Defendant **FRONTEO USA, INC.**, its agents, employees' and/or representatives' conduct was extreme and outrageous in its nature and under the circumstances. As a result of the

above-referenced conduct of the Defendant, its agents, employees and/or representatives, the Plaintiff suffered emotional and physical distress, including but not limited to, post-traumatic stress disorder, anxiety attacks, shame, grief, humiliation, embarrassment, anger, guilt, extreme mental anguish with physical and emotional manifestation and worry, all of which continues into the present. Plaintiff has developed a severe apprehension for finding work in a group setting, and has fear working in the midst of other individuals.

49. The Defendant, its agents, employees and/or representatives, conduct was the proximate cause of the severe physical injuries and severe emotional distress suffered in the past and likely to be suffered by the Plaintiff in the future.

50. Plaintiff asserts that Defendant caused the Plaintiff anxiety, trepidation, fear, apprehension, and despair. The Defendant's conduct caused the Plaintiff severe mental distress. In particular, the Plaintiff assert that:

   i) Defendant acted intentionally or recklessly;

   ii) Defendant's conducts were extreme and outrageous;

   iii) Defendant's conduct proximately caused the Plaintiff emotional distress;

   iv) The emotional distress suffered by the Plaintiff was severe; and

   v) Plaintiff suffered physical and emotional injuries, including apprehension of going to work.

C. **VICARIOUS LIABILITY UNDER TEXAS LAW**

51. Under Texas Law, an employee is a person in the service of another with the understanding, express or implied, that such other person has the right to direct the details of the work and not merely the result to be accomplished. An employee is acting in the scope of his employment

if the employee is acting in furtherance of the business of his employer.

52. Specifically, **FRONTEO USA, INC.** implemented, officially and/or unofficially, a program to discriminate against African Americans. This program of discrimination manifested itself in the allocation of higher pay and promotions to whites in comparison to African Americans, especially to the Plaintiff. Intimidation, ridicule and harassment were the *modus operandi* utilized to enforce this policy of discrimination. As such, Defendant, its agents, employees and/or representatives, acted in the course and scope of their employment when committing the harassment and intentional infliction of emotional distress. Therefore, Defendant **FRONTEO USA, INC.** is vicariously liable for the acts committed by Defendant's agents, employees and/or representatives.

54. Plaintiff charges and alleges that Defendant **FRONTEO USA, INC.** on one hand is vicariously liable for Plaintiff's damages as a result of the business relationship that existed, at all times material to the pending litigation, between Defendant **FRONTEO USA, INC.** and Defendant's employees whose negligence or omission caused or proximately caused the injuries to the Plaintiff. Plaintiff asserts the doctrine of *Respondeat Superior* against Defendant **FRONTEO USA, INC.** and the ratification of the conduct of Defendant's agents who were acting within the scope of their employment with Defendant **FRONTEO USA, INC.**

## X.
## PUNITIVE DAMAGES

### A. CLAIMS FOR PUNITIVE DAMAGES

55. Clearly and convincingly the Defendant acted with malice or evil motive or intent or with reckless or callous indifference to the rights of Plaintiff to be free from racial discrimination

and racial harassment. Defendant also created an environment that was pervasive with racial innuendos, racial harassment and downright hostile.[7] Defendant's conduct is so outrageous that punitive and/or exemplary damages are appropriate under the circumstances.

56  Based on clear and convincing evidence, Defendant, its agents, employees and/or representatives, as described in the preceding paragraph caused harm to the Plaintiff. The harm resulted from malice and/or a specific intent by Defendant, its agents, employees and/or representatives, to cause substantial injuries to Plaintiff. Additionally, Defendant its agents, employees and/or representatives, committed acts or omission which, at the time of occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff; and Defendant, its agents, employees and/or representatives, had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of the Plaintiff. Accordingly, the Plaintiff seeks punitive damages from the Defendant.

## XI.
## COMPENSATORY DAMAGES

57. Plaintiff suffers from physical disfigurement and severe emotional distress as a result of the disparate treatment inflicted upon him due to his national origin and race. Accordingly, Defendant is liable to the Plaintiff for severe emotional distress, physical pain and physical disfigurement occasioned by the disparate treatment imposed upon Plaintiff, and other unlawful practices of the Defendant.

58. By reason of Defendants' action and/or conduct and Plaintiff's subsequent personal and

---

[7] 42 USC§ 1981 a(b)(i); *Kolstad v. American Dental Association*, 527 US 526, 535-536 (1999).

consequential damages, Plaintiff is entitled to damages in the amount of $500,000.00 (Five Hundred Thousand Dollars), or to the extent allowed by law.

59. From now and until the time of trial of this cause, those elements of damages which should be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate the Plaintiff are:

a) the mental anguish, physical pain and injuries, and physical disfigurement and emotional distress that Plaintiff has suffered occasioned by the intentional infliction of mental distress;

b) damages resulting from the violation of Title VII, 42 U.S.C. § 2000e, *et seq.*; and other violations.

c) Plaintiff was denied promotion to Director, raises, and received compensation not commensurate with his qualifications and experience resulting in lost pay and benefits. Plaintiff requests back pay for income that would have been earned had Plaintiff been fairly compensated at the time of hiring.

d) Income for twenty years of potential unemployment.

e) Cost of rehabilitation from severe emotional distress.

f) Damaged reputation from Defendants' conduct.

g) Difference in 401k contribution from Defendants that would have been paid if Plaintiff was fairly compensated *ab initio*.

h) Revenue from profit sharing the Plaintiff is entitled to.

60. Plaintiff will show that in reasonable probability his damages will continue into the future. Plaintiff's future losses from the date of trial and beyond include:

      a)     the mental anguish that Plaintiff will suffer in the future,

      b)     Plaintiff's physical disfigurement,

      c)     Plaintiff's mental injuries,

      d)     emotional injuries,

      e)     Loss of earning and/or earning capacity.

61. The total sum of Plaintiff's damages, both past and future, are within the minimum jurisdictional limits of this Court. These damages were legally caused by the Defendant.

62. The actions of the Defendant resulted in (1) tangible employment actions, disparate treatment and an abusive work environment that caused discernable injuries to Plaintiff's emotional state (including physical manifestations, stress and humiliation); distraction from his job performance; (2) caused the Plaintiff apprehension and fear of going to work; (3) prevented Plaintiff from advancing his career and/or (4) was extremely severe and pervasive.

63. Further, the Defendant's actions resulted in and/or proximately caused the Plaintiff's damages which include, but are not limited to the following:

      a)     Back Pay;

      b)     Front Pay;

      c)     Promotions;

      d)     Bonuses;

      e)     Lost Employee Benefits (past and future) including, but not limited to, sick leave pay, vacation pay, monetary losses incurred as a result of the loss of health, life, dental or similar insurance coverages; and

      g)     Compensatory Damages (past and future) including, but not limited to, pecuniary

losses, emotional pain and suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary damages.

## XII.
## ATTORNEY'S FEES, EXPERT WITNESS FEES, AND COURT COSTS

64. For the above reasons, Plaintiff **DAVID E. AKPAN** asks for judgment against Defendant for the following:

   a) Plaintiff **DAVID E. AKPAN** is an employee protected under Title VII and 42 USC Section 1981. Plaintiff is protected under the Civil Rights Act of 1991. Damages flowing from the violation of these statutes should be awarded to Plaintiff.

   b) Defendants intentionally discriminated against Plaintiff **DAVID AKPAN** in violation of Title VII by creating a hostile work environment. The conduct unreasonably interfered with Plaintiff's work performance. Specifically, the Defendants fostered an environment which allows the Defendants' employees to make comments about the Plaintiff's anatomy. Plaintiff requests compensatory damages as a result of these violations.

   c) Defendant did not exercise reasonable care to prevent and cure reports of racial harassment. Defendant ratified the wrongful conduct by failing to take appropriate remedial action after becoming aware of the conduct. Plaintiff should be awarded damages in this regard.

65. Plaintiff **DAVID E. AKPAN** is entitled to an award of attorney fees and costs under Title VII, 42 USC§ 2000e-5(k).

66. Plaintiff is also entitled to expert witness fees and court costs.

## XIII.
## PRAYER FOR RELIEF

67. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that summons be issued and served upon Defendant to appear and answer, that upon trial, Plaintiff has:

   a) judgment against the Defendant for compensatory and actual damages in the amount of $500,000;

   b) back pay and front pay with interest;

   c) an award of pre-judgment interest at the maximum amount provided by law;

   d) an award of post-judgment interest from the date of trial at the maximum amount provided by law;

   e) punitive and/or exemplary damages to the extent allowed by law;

   f) all costs of court;

   g) attorney's fees to the extent allowed by 42 USC § 2000e-5(k); 42 USC Section 1981;

   h) all expert witness fees; and

   i) all other relief and monetary damages which Plaintiff may show himself justly entitled, at law or in equity.

## XIV.
## DEMAND FOR JURY TRIAL

68. Plaintiff hereby formally makes this demand for a jury trial in this cause pursuant to the Federal Rules of Civil Procedure.

Respectfully submitted:

**OKON J. USORO, P.C.**

By: <u>/s/ Okon J. Usoro</u>
     Okon J. Usoro
     SD No.: 19785
     SB No: 00789691
     12000 Westheimer Rd., Ste. 300
     Houston, TX 77077
     Phone: (281) 920-2000
     Fax: (281) 920-2139
     ojusoro@birch.net

**ATTORNEY FOR PLAINTIFF**
**DATED: NOVEMBER 6, 2020**